FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 24 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JOSE D. ESTRELLA,

                Plaintiff,

      - against -

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
17–CV–3838 (AMD)

**ANN M. DONNELLY,** United States District Judge:

The plaintiff appeals the Social Security Commissioner's decision that he is not disabled for the purposes of receiving disability insurance benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons that follow, I deny the plaintiff's motion for judgment on the pleadings, grant the Commissioner's cross-motion, and affirm the decision below.

On July 23, 2012, the plaintiff applied for disability insurance benefits and SSI with an onset date of February 10, 2010, alleging disability because of diabetes and bipolar disorder (Tr. 203, 207). On December 16, 2014, Administrative Law Judge ("ALJ") David Tobias held a hearing, at which the plaintiff[1] testified. (Tr. 33–51.) At the plaintiff's request, the ALJ held a supplemental hearing on August 4, 2015 so that the plaintiff's attorney could cross-examine the vocational expert. (Tr. 52–71.) In a January 4, 2016 decision, the ALJ found that the plaintiff had severe impairments of bipolar disorder, diabetes mellitus, arthralgia, and obesity, but that he was not disabled because his impairments—individually, or in combination—were not severe enough to meet or medically equal the criteria listed in the Social Security regulations. (Tr. 16–

---

[1] At the hearing, the plaintiff testified with the assistance of a Spanish interpreter. (*See* Tr. 36.)

1

20.) The ALJ determined that the plaintiff had the residual functional capacity ("RFC") to perform medium work, except that his work had to be "low stress," could not "involve intense interpersonal communication," could not require him "to carry out complex duties or instructions," or "read, write, or communicate in English." (Tr. 20.) ALJ Tobias concluded that the plaintiff could perform jobs that existed in significant numbers in the national economy— namely, laundry laborer, general helper, and industrial sweeper or cleaner. (Tr. 26.)

On April 25, 2017, the Appeals Council denied the plaintiff's request for review (Tr. 1–6), and the plaintiff appealed on June 27, 2017 (ECF No. 1). Both parties moved for judgment on the pleadings. (ECF Nos. 18, 22.)

## DISCUSSION

A district court may set aside a Commissioner's final decision only if the decision rests on legal error or is not supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g); *see Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal citation omitted).

The district court may reject the Commissioner's factual findings "only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d

443, 448 (2d Cir. 2012) (emphasis in original) (citation and internal quotation marks omitted). The district court may not substitute its own judgment for the ALJ's, even if the court "might justifiably have reached a different result upon a *de novo* review." *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991) (internal citation omitted). It is for the agency, not the court, to "weigh the conflicting evidence in the record." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

On appeal, the plaintiff challenges the ALJ's RFC determination that the plaintiff could perform "low stress work," which ALJ Tobias defined as not requiring "intense interpersonal communication" or "carry[ing] out complex duties or instructions." (Tr. 20.) The plaintiff claims that the ALJ did not account for the plaintiff's inability to maintain attention and concentration, "make appropriate decisions," handle "normal work stress," or keep a regular work schedule due to his bipolar disorder, and that the RFC finding is not tailored to the plaintiff's needs. (ECF No 23 at 16–19.) I disagree.

The plaintiff argues that the ALJ did not consider the plaintiff's "established mental limitations;" the plaintiff cites Dr. Johanina McCormick, a consultative examiner, who opined that the plaintiff could not "maintain attention and concentration," "maintain a regular schedule," "perform complex tasks independently," "make appropriate decisions," or "appropriately deal with stress."[2] (Tr. 368.) The plaintiff also relies on the August 2015 mental impairment questionnaire from plaintiff's treating nurse practitioner, Nora Valencia. Ms. Valencia believed that the plaintiff would have a noticeable difficulty keeping a regular work schedule because of his "difficulty leaving his house [and] completing activities of daily living." (Tr. 818.) Ms.

---

[2] The ALJ did not afford all of Dr. McCormick's opinion great weight because "[a]lthough part of her assessment is well supported, her opinion that the claimant cannot maintain a regular schedule is unsupported and given little weight." (Tr. 23–24.) The plaintiff concludes that the ALJ afforded the rest of Dr. McCormick's opinion great weight. (ECF No. 23 at 17.)

3

Valencia did not think that the plaintiff could deal with normal work stress "21 to 41 percent of the workday" because of his "periods of depression."[3] (*Id.*)

The plaintiff, however, ignores those portions of the opinions that undermine his position. Both Dr. McCormick and Ms. Valencia stated that the plaintiff could perform simple tasks and maintain attention and a regular schedule—precisely the limitations reflected in ALJ Tobias' RFC determination. For example, Dr. McCormick believed that the plaintiff could "follow and understand simple directions and instructions" and "perform simple tasks independently." (Tr. 368.) Dr. McCormick also thought that the plaintiff could "relate adequately with others," and "learn new tasks with help." (*Id.*) The plaintiff was responsive to questions, cooperative, and he had adequate "overall presentation" and "social skills;" she also gave the plaintiff a fair prognosis "given his positive attitude" and "good family support." (*Id.*; Tr. 366.) Finally, the plaintiff's "[t]hought processes [were] coherent and goal directed." (Tr. 366.)

Similarly, Ms. Valencia stated that the plaintiff was stable and that his ability to "sustain an ordinary routine without special supervision" was "unlimited or very good." (Tr. 816–18.) The plaintiff "travel[ed] alone" and was "able to attend regular mental health appointments." (Tr. 818–19.) According to Ms. Valencia, the plaintiff was only "moderately" limited in "restriction[s] of activities of daily living," "difficulties in maintaining social functioning," and "difficulties in maintaining concentration, persistence, or pace." (Tr. 820.) In her view, the plaintiff demonstrated "limited but satisfactory" abilities to "understand, remember, and carry out short and simple instructions," "maintain regular attendance and be punctual," "accept

---

[3] The plaintiff does not challenge the ALJ's conclusion that Ms. Valencia's opinion is entitled to little weight because she had been treating the plaintiff for only three or four months before she filled out the questionnaire, her questionnaire was internally inconsistent, and the questionnaire was not supported by the medical evidence. (Tr. 24.) *See Smith v. Comm'r of Soc. Sec. Admin.*, No. 17–CV–1919, 2018 WL 1916206, at *2 (2d Cir. Apr. 24, 2018) (summary order) (affirming the ALJ's decision to give little weight to a treating opinion where the physician had only seen the claimant four times).

4

instruction from supervisors or respond appropriately to criticism," and "get along with coworkers or peers." (Tr. 818–19.)

Other physicians agreed that the plaintiff could carry out "low stress" work. For example, on May 21, 2014, Dr. Robert Rubenstein, a staff psychiatrist at the Institute for Family Health, reported that the plaintiff said he "[felt] good" with medication and slept well. (Tr. 464.) The plaintiff said that "he [was] feel[ing] better" and "want[ed] to work." (*Id.*) At the plaintiff's request, Dr. Rubenstein provided a letter affirming that the plaintiff's condition had improved and that he was able to work. (*Id.*) Dr. Rubenstein observed that the plaintiff had a cooperative attitude, unremarkable mood, appropriate affect, and concrete thought process. (Tr. 465.)

Because the ALJ's RFC finding is supported by substantial evidence, the plaintiff's motion is denied on this ground. *See Brault*, 683 F.3d at 448 (The substantial evidence standard of review, which the district court reviews the Commissioner's decision under is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)).

The plaintiff also claims that the ALJ's "low stress" RFC limitation does not follow SSR 85–15, which provides that "[t]he reaction to the demands of work (stress) is highly individualized," and that "impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." This regulation does not apply to this case, because the plaintiff suffers from both exertional and nonexertional limitations; SSR 85–15 applies only to claimants with solely nonexertional limitations. *See Roma v. Astrue*, 468 F. App'x 16, 20 (2d Cir. 2012) (summary order) ("SSR 85–15, descriptively titled 'The Medical–Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments,' does not apply to a case, such as this one, in which the claimant suffers from a combination of exertional

and non-exertional impairments." (emphasis in original)); *Prince v. Colvin*, No. 13–CV–7666, 2015 WL 1408411, at *21 (S.D.N.Y. Mar. 27, 2015) (same).

The plaintiff also argues that the ALJ should not have considered the plaintiff's failure to take his prescribed medication. Specifically, the plaintiff argues that the ALJ discounted the plaintiff's hospitalizations because they were caused by non-compliance with medication. (ECF No. 23 at 15.) But ALJ Tobias did not "discount" the plaintiff's hospitalizations; he merely noted that the plaintiff was hospitalized "when [he] was not compliant with his psychiatric medication regimen." (Tr. 18.) The plaintiff also claims that the ALJ's credibility finding was premised on the plaintiff's failure to adhere to his prescribed treatment. (ECF No. 23 at 15.) ALJ Tobias does not appear to have considered a "justifiable cause" for the plaintiff's failure to take the prescribed medication (*see* SSR 82-59),[4] but any error is harmless since the ALJ also cited the plaintiff's reported limited ability to carry out daily activities. The ALJ's credibility finding is supported by substantial evidence. *See Suttles v. Colvin*, 654 F. App'x 44, 46–47 (2d Cir. 2016) (summary order) ("[A]ny error was harmless because substantial evidence supported the ALJ's overall credibility determination.").

---

[4] *See also* SSR 16-3p ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

## CONCLUSION

Accordingly, the plaintiff's motion for judgment on the pleadings is denied, the Commissioner's cross-motion is granted, and the Commissioner's decision is affirmed. I respectfully direct the Clerk of the Court to close the case.

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      March 26, 2019